Page 24-5269, USA v. George Short, oral argument 15 minutes per side. Mr. Kahn for the appellant. Good morning. You may proceed. I'm sorry. Good morning. May it please the court, my name is Conrad Kahn. I represent the appellant George Short. I'd like to reserve three minutes for rebuttal. Okay, thank you. There are three key reasons why the court's Rule 11 error requires a remand for resentencing. The first reason is that the factual basis is insufficient. Mr. Short pled guilty to the unaggravated offense of possessing a firearm as a felon. He never admitted that his prior offenses occurred on different occasions, and it's clear why. The law at the time did not require him to do so. The occasional determination at that time was not an element, so it wasn't addressed. He wasn't advised about it. He didn't admit it. It wasn't in the joint basis. He did object to the PSR on these grounds that the convictions were committed on the same occasion. He objected that there was not a sufficient factual basis for an aggravated act of charge. I understand that, but I'm talking about the specific convictions. He did not object that the convictions didn't happen, but he objected to the application of the Armed Criminal Act. Can I ask you just a practical question? Couldn't you win the battle but lose the war if we remand for a jury trial on the separate occasions? I mean, you're either going to plea, or you're going to go to trial, and then you're going to lose acceptance, right? Because it's pretty clear from the indictment and the PSR that these were committed on occasions separate from one another. They're eight years, seven years apart. I guess I have a few answers to that. The first thing is, I don't think that that would be an appropriate remedy, which is obviously something we discussed in our reply brief. I think the only appropriate remedy here is a remand for resentencing under this court's decision in Bell, because I think forcing Mr. Short to- Wait, how can that be? Why couldn't we vacate the plea as having an improper factual basis? I don't think you can, Your Honor. I think under this court's decision in Bell, that would violate my client's double jeopardy rights. He pled guilty to the unaggravated offense of possessing a gun as a felon. He's not seeking to vacate his plea to that, and forcing him to vacate his plea against his will so the government can pursue a more aggravated charge would violate his double jeopardy rights, as this court said in United States v. Bell. I think I know the answer, Mr. Kahn, but why aren't you asking for the complete plea to be vacated? We're not asking for- because we want to be resentenced to the offense we pled guilty to, which is an unaggravated felon in firearm possession. If Erlinger is the source of the error and the reason we're all here, I mean, isn't the remedy, if we were to find some sort of error here, to send it back and go to square one, as Judge Lepar was kind of suggesting? No. Again, Your Honor, I think that the remedy here is clearly outlined in this court's decision in Bell. We're not seeking, and we have we're seeking to plead guilty to be sentenced to the offense that we pled guilty to. We don't want to go back so the government can have a second bite at an aggravated offense with a higher sentencing range. Because I read your briefs, and I guess I just want to make sure I understand correctly. Essentially, you are telling us you're not making an Erlinger argument, a constitutional claim today. You're arguing that the factual basis was insufficient. That's correct, Your Honor. Again, it makes sense why this all kind of happened at the time, and there's no advisement, no admission, nothing in the joint factual basis about the occasion's determination. I think that makes sense given the unique moment in time that this occurred. This occurred after the Supreme Court's decision in Wooden, but before Erlinger. The Department of Justice, perhaps seeing the tea leaves, made a policy. That policy was we were going to start treating the occasion's determination as an element, and that's what they did here. They superseded to treat it as an element, but the problem was this court's precedent didn't recognize that at the time. So they were trying to thread a needle. They were trying to comply with the department's policy to charge it, but also comply with this court's then existing law that didn't treat it as an element. And you see that throughout the rest of the proceedings after the superseding indictment, that they were treating it under this court's precedent as an that he was accepting this plea, that he was accepting this factual basis based on the then governing legal framework that it was not an element. So the factual basis here was accepted based on the determination it was not an element, and we have a record of an aggravated offense being charged, but then no record of the aggravating factual basis for the aggravating element. But isn't there information in the record to support a factual basis finding of separate occasions? Well, that brings me to the second reason I wanted to get to, which is there's clearly no record of the factual basis, I don't think, below. The government on appeal now is trying to retroactively fill in the gap in the record, pointing to the superseding indictment and pointing to the sentencing documents to say that that establishes a factual basis, but I don't think it works. Starting with the indictment, the indictment contains allegations, but they're just allegations. You applied to the superseding indictment and the indictment lists the crimes and then the PSR includes them. I don't think that's an accurate description of what actually happened, Your Honor. They charged this aggravated offense, but then they're pleading something other than the superseding indictment. He pled to the unaggravated offense of possessing a firearm as a felon, and I think that's clear from the record. So the superseding indictment was filed to comply with department policy, but after that, everybody was treating this court's governing legal framework as an unaggravated offense. At the change of plea, didn't the court specifically denote the ACCA penalties and say, hey, you're going to be ACCA eligible or might be? I think that only supports me. So what happens at the change of plea hearing is that they go through the elements. Nothing's discussed about the occasions element. It goes, how do you plead guilty to the 922G? The Erlinger hadn't come out yet. Correct. But the government could have continued its policy and said, we're not going to agree or, Your Honor, he needs to admit to this occasions element that's charged or whatever. But the court says, how do you plead guilty to the 922G? He said, not to the 922G and the 924E. Then, to your point, Your Honor, he goes through the penalties as always has done historically. He goes, if you're found guilty and the government proves you have three offenses on different occasions, you might have this increased penalty range. And doesn't the record later on in the PSR and its sentencing, as Judge LaFleur pointed out, not objected to the facts about these prior offenses? Doesn't it support the factual basis for the enhancement? Well, we objected to the fact that they occurred on different occasions. We didn't object. Under Erlinger, right. We also objected to even, regardless of Erlinger, that these didn't occur on different occasions and can't be ACCA under the factual basis. We didn't object, to your point, Judge LaFleur, to the dates or the details. But we did object to the ACCA determination, the factual different occasions inquiry, saying there wasn't a sufficient fact. You didn't object to that, so the district court could, in theory, without Erlinger, you would agree this would be perfectly fine? If Erlinger did not exist, yes. And this isn't a Fifth or Sixth Amendment challenge. Why aren't you bringing an Erlinger challenge, in essence? Well, let me be very clear about the way, why we framed it this way. I know why you brought it this way, but go ahead. I want to hear your answer. Well, I brought it this way, Your Honor, because that was what was preserved below. So that's why we brought it this way. We preserved a factual basis argument. Well, you preserved both below. Well, let me be clear. I do think, I think there's a Sixth Amendment error here. I think that this is an unknowing involuntary plea. And I think there's an insufficient factual basis. The way this was teed up below was as an insufficient factual basis, and I decided that that was preserved, and that's what I was going to raise here. But then now you're kind of stuck with, what's the standard of review? I agree you preserved it. So is it harmless error? So, no, standard review is abuse of discretion with legal conclusions reviewed de novo. The actual basis review is not subject to harmlessness. This Court's case law is very clear. An insufficient factual basis can never be harmless. I think Rule 11 says something a little different. Let me ask this question, I guess. If you were pressing the Erlinger claim, which you told us you're not, wouldn't the government then have the burden of showing that there was harmless beyond a reasonable doubt, the error was harmless beyond a reasonable doubt under our other cases that we've come out with recently? If I was pushing a constitutional error, and there was one, they would have that burden. And I understand what you're saying about Rule 11H, which was adopted after the Supreme Court's decision in McCarthy. But this Court's case law is very clear that even despite Rule 11H, an insufficient factual basis can never be harmless error. Isn't that the real reason you're bringing it this way? It is a fortuitous consequence. But it was also what was preserved below, and it just was cleaner that way. So, you know, I think really what we have here is the DOJ was trying to thread a needle. They had a policy. Thread a needle. And they had a policy. They were going to start, they were reading the TLEs after Woodin. They charged an aggravated offense. But then they were complying with this Court's precedent that didn't catch up yet, and they treated it as an unaggravated offense. Let me ask you, because you say, you know, Pitts et al are wrong in Goldberg controls. But Goldberg doesn't, the PSR, that issue was not presented, the PSR, the superseding the judicial mind didn't decide that question. In fact, the next sentence after, we don't read cases like statutes, the next second sentence after that says you can include, you can look to things including, not limited to, including the defendant's statement, the government's statement. And so, and that seems to be referring to McCarthy note six, the Supreme Court opinion that of course says you can look at defendant's statement, government's statement, and citing the advisory committee note, and the PSR in determining a factual basis. So I have a couple responses to that, Your Honor. I do think that Goldberg did address this issue. It said very, but that was about inferences. It wasn't about the PSR, or no one in Goldberg considered the PSR, the superseding indictment. It said, oh yeah, it's in there that he's actively concealing, and we're disregarding that. I have two responses, actually. Let me flip them. Number one, I don't think you need to side the scope of the record here. I'm sorry? I don't think you need to side the scope of the record question here. I think even if you looked at the sentencing documents. We looked at everything before the judgment. Everything before the judgment. I think we still win. I think we still win. Because at the end of the day, before you can even have a factual basis, you need to an admission to an element. We're not looking at the record for a factual basis for any crime a defendant may have committed. I don't know, why can't you look at the PSR and get, why couldn't the government get what it needed from that? Whether you call it an element, whatever you call it, just look at the facts and say, are the facts there? The point of the factual basis inquiry isn't to look through the record for any crime a defendant may have committed. It's to look for the crime the defendant admitted to, and making sure there's some evidence to support the crime the defendant admitted to. Without an admission, there's no factual basis to verify. So even if you looked at those records, we would still be without sufficient factual basis for an element the defendant admitted to. But to answer your question, Judge Thapar, about Goldberg, and I see my time's expiring. Yeah, you can answer it. Okay. So I think, again, I don't think you have to answer this question, but I do think Goldberg is binding on this question. I think that although we're dealing with sentencing documents or post-plea documents, they're dealing with the government trying to ask the court to consider evidence outside the record, such as a defendant's education, which is often found in a PSR. And they said, we're not going to do that. And they cited to a Seventh Circuit decision, Kammer, which explicitly said that we are not looking throughout the entire record like the government wants. We are limited to the plea record. And that in turn cited a Fifth Circuit case that same holding. So I don't think, but to be clear, I recognize that Rule 11B3 does use the word judgment and that the commentary notes do address PSRs. I don't think reading Goldberg is necessarily inconsistent with that. I think it could be read harmoniously. I think there are rare cases where new evidence can come to light prior to sentencing that could bear on a factual basis question. I think these can be read harmoniously. But the typical case where a plea is accepted at a plea hearing, I think Goldberg tells us that we should be limiting ourselves to the change of plea record. And yes, there's a continuing obligation to make sure there's a factual basis. But Goldberg is the typical case like this one, and we are limited to the plea record. Okay. Thank you, counsel. Thank you. Good morning. May it please the court. My name is Luke McLaurin, and I'm here on behalf of the United States. The record in this case contains an ample factual basis to support Short's plea to the Armed Career Criminal Act offense to which he pleaded guilty and which was charged in the basis. Like your friend says, the government's position was clear that we were wrong and the Supreme Court was going to get it right. Well, Your Honor, I can't speak as to what was in the head of the individuals preparing the factual basis. But I mean, it certainly should have been. It would have been easier and better for everybody had it been included. I think part of the reason it may not have been included is because it was the facts supporting the different occasions piece were actually specifically listed in the indictment. So they were part of the documents. Just because things are listed in the indictment doesn't mean we usually don't have people plead to them. I mean, you all thought, you pretty clearly thought that the separate occasions was part and parcel of this. So I guess the answer is you don't know why they didn't do it. Your Honor, I can't speak as to why. I mean, it would have been the better practice, certainly the advised practice, that they should have included in the factual basis. That's what should have been included. But I think I'd like to begin by just addressing a refrain that we kept hearing in my friend on the other side's argument. And that is that he pled to the unaggravated offense. That is not what the plea transcript shows. And that's not what happened in this case. I think it's important to note this defendant was specifically charged with an aggravated offense. And under the rules of criminal procedures, I think you observed, Judge LaPar, you can only the indictment. And that's what he was pleading to in this case. He was pleading to the superseding indictment. And I think it's really clear when you look at page 452 in the record, there what the court specifically says before taking the plea, you are pleading guilty to being a felon in possession of a firearm in violation of Title 18, Section 922, G1, and 924E. This was specifically identified as the offense to which the defendant was pleading guilty at the plea hearing. And that makes sense because that's the offense that was charged in the indictment. And we also know that the defendant knew he was pleading guilty to that offense because when there was a mistake made about the penalty range and when that was corrected, the judge reviewed that with him and said, look, you understand you're pleading guilty to an offense that carries ACCA penalties. Does that change anything you've said before? Do you want to change your mind at all? He asked him three different times to confirm that he knew that he was pleading guilty to an act of offense. And the defendant said yes. Mr. McLaurin, am I correct that later he did object to the factual basis question? I mean, there's a little bit of a dispute about what standard of review applies. I think you said it was plain error, but in Record 34, his objections, he says the factual basis doesn't support the enhancement. So I have two responses to that. First, I don't think that ultimately at the end of the day, the standard of review is going to dictate the outcome here because we think there's a sufficient factual basis even if the court is reviewing de novo. But I do think the standard of review, I do think it is correct to say that this should be reviewed for plain error because the argument that we have heard this clearly being made on appeal is a very narrow argument. It's under Rule 11B3 about the adequacy of the factual basis. There was no argument made below that that rule was not complied with. The argument about the factual basis and all the references to the factual basis during the sentencing hearing were all in support of an Erlinger-type argument. They were all in support of a Sixth Amendment argument that the court couldn't make the occasions finding itself. That was the argument that was made below. That's not the argument, as counsel has made repeatedly clear, that he is seeking to raise on appeal. So the argument that was raised below is a different argument than he's raising now. If you can use anything that happens before the judgment, when would the defendant raise it and how? Like wouldn't they have to wait until the PSR is in and everything's in and then they say, okay, now I have an objection? I'm just curious functionally. I think that's an excellent question. I think if there was a legitimate concern that the factual basis, that there was a problem with the factual basis, I think it should probably be raised before the end of the sentencing hearing, before the entry of judgment. And I think what we have... At the very end, like, oh, by the way, everything now is in the record and you still don't... And the Boston question would be a great opportunity to raise it. And I think there wasn't an objection actually raised to the factual basis because it's clear in this record that there are facts, there is some evidence to show that he committed these offenses on different occasions. I mean, it's really not disputed. I mean, as Judge DePauw pointed out, these were committed years apart from one another. And that fact alone, I think, is enough to give the district court confidence. It certainly gave the district court confidence here that the defendant had convictions that were committed on different occasions. Would it be different, counsel, if he had objected at sentencing to the particular facts of the prior offenses? You know, he objected and then the court, let's say, overrules the objections. Well, I hear your objections, but I find that they were separate cases. I think that might be a different case, Your Honor. But I think part of the problem here the defendant has in making a Rule 11 argument is if you're going to challenge, if you're going to make a Rule 11 argument, what you're saying is that there's a problem with the plea process and you want to withdraw your plea. And the defendant was specifically asked below by the district judge a couple of times during the sentencing hearing, do you want to withdraw your plea? Because it sounds like when you're claiming, hey, you know, I didn't admit to these elements, you're maybe suggesting that we didn't cover all the elements during the plea hearing. Maybe there's a problem with the plea. Do you want to withdraw your plea? And he said, no, I don't want to withdraw my plea. He repeatedly insists he didn't want to withdraw his plea. And that's how you would make this kind of Rule 11 argument is to make a, you know, because if Rule 11 is violated, that's an error in the plea process and the plea needs to be redone. He refused to make that argument, which is, again, why I think this would be on, should be on plain error of view. But regardless of how the court looks at it, the standard, I mean, under this court's case law is quite clear that the factual basis, it doesn't have to come from some written document submitted by the parties. That's certainly an ideal way to establish a factual basis. And as I've already said before, it would have been certainly better in this case. It would have been the preferred method had the written factual basis included the different occasions piece. But this court's precedent says that you can look at other things in the record. And one of the things you can look at is the indictment. And we think, even if you just look at the plea proceedings, like at that point, the indictment was made part of the record. It was specifically referenced. That's what he was pleading to. And the indictment itself contained the facts showing that these were committed on different occasions. How would you address this kind of contrary or language and tension in Goldberg with that notion? Well, I think that, I think as Judge Lepore pointed out, Goldberg didn't actually decide this issue. The issue in Goldberg was that the government was trying to create inferences. It was trying to point to, hey, the defendant said he talked to his attorney and was advised of the nature of the charges and said he understood them. And so therefore we can infer that he knew all of these nuances about the elements. And the court said, no, that's not enough to create a factual basis. You can't just sort of rely on inferences. Goldberg didn't actually have the question presented of, can you look at stuff outside the plea proceedings? That just simply wasn't an issue in that case. So I don't think Goldberg actually decided the issue. And I think what we see in the court's case law is numerous decisions. Bennett, McCreery-Redd, Pitts, Mobley, numerous cases where the court has said, look, under the plain language of 11B3, it says the factual basis just has to be there before entry of judgment on the guilty plea. So we can look to see, we can look at PSRs. We can look at affidavits of complaint. Actually, we can look at affidavits that are attached to the criminal complaint, which would be akin to looking at an indictment. The court has looked at all kinds of other sources. And I think the court here really, I mean, it didn't need anything more than the indictment because of the particular element that there's a dispute about the factual basis for. That is the different occasions element. The facts in the indictment, I think, clearly established it. I mean, again, different years. Those facts were brought out again in the PSR and they were, the documents were introduced and there was discussion of the facts at the sentencing hearing. So clearly the court was aware of these facts and clearly thought that they were sufficient to show different occasions because it actually made a specific different occasions finding. Yes, that's no longer allowed under Erlinger, but that's actually what happened in this case. So we know that the judge was aware of this stuff before the entry of judgment. So I think regardless of how you cut it, whether you look at, you know, just the plea portion of the record, whether you look at the whole record, whether you review this for plain error, whether you review it de novo, there is a factual basis in this record to support the plea that was actually entered in this case. And that was a plea to an enhanced offense. To the extent that he wants to raise an argument about whether that plea was knowing involuntary, it appears that he hasn't. He's claiming he's not raising that argument. But if the court has concerns about the knowing involuntary nature of the plea, the only remedy that it would be able to do is to vacate the plea and remand for the process to be done anew. So even the remedy he's seeking is simply not one the court can grant based on the type of claim that he is raising. We think that this record clearly shows that there was a factual basis for the defendant's plea to the Armcourt Criminal Act offense. Unless the court has any other questions. Thank you counsel. Thank you, your honors. Just a few brief points in my limited time. One about whether it was preserved. This was absolutely preserved. Judge Rizzi pointed to the exact portion of our transcript where we objected to the factual basis. My colleague says we didn't say Rule 11. I don't think we need to encant a rule. Factual basis isn't a constitutional requirement. It comes from Rule 11. So I think it is fully preserved. Next, my friend wants to keep saying, well we pled guilty as charged. We pled guilty as charged. That's not accurate if you look at the context of what happened. That they followed this charging policy and then they were trying to thread a needle and follow this court's precedent. If you look at the joint factual basis, it explicitly says in the joint factual basis, these facts are the only relevant facts for purposes of the plea. And if you look at this court's decision in McCreary Red, McCreary Red says even for a simple straightforward case, and I don't think the occasions requirement is simple or straightforward, but even in a simple and straightforward case, you at least need to have a reading of the indictment or a summary of the charges and an admission. None of that happened here. So I don't think the pleading guilty as charged argument really works. And then if you look at the court's ultimate finding in sentencing, it says I'm accepting this factual basis based on the law that currently exists. So we know the factual basis was accepted, not based on the aggravated offense, but based on the unaggravated offense. And now it wants to retroactively ask this court to find the factual basis now that the law has changed. As far as looking at sentencing documents, I do think that Goldberg controls. I think if you look at the cases it cites too, those also support limiting the record. I don't think you need to get there ultimately because we can't just look at the record for evidence of any crime. It has to be a crime we admitted to. We did not admit to it, so looking at those documents doesn't help. I think the final thing I want to say is as far as the remedy, I think that the only appropriate remedy is remaining for a resentencing. It reflects what he actually pled guilty to. It corrects the Rule 11 error, and it aligns with this court's decision in Bell, which says you can't force a defendant. Are you saying it's a lesser included offense? Yes. That 922G is a lesser included offense of essentially itself with the sentencing enhancement? It's a lesser included offense of what is now an aggravated ACCA offense after Herlinger. This court's decision in Bell says you cannot force a defendant to vacate his plea against his wishes so the government can pursue a more aggravated offense, so the only remedy here is remanding for a resentencing. At the end of the day, this case is about ensuring that the sentences a defendant receives accurately reflect what he pled to. After Herlinger, the occasions requirement is an element of the offense, and it requires a factual basis that doesn't exist here. So we respectfully ask that you vacate the sentence or remand for resentencing. Thank you. Thank you. The case will be submitted. Thank you very much for your arguments, counsel.